JUSTICE REGNIER
dissenting.
¶22 I respectfully dissent.
¶23 In their complaint Armbrust and Monk sought to enforce the setback restriction but not the one-garage restriction. The Court points out that neither Armbrust nor Monk knew that the building being constructed was a garage and, therefore, their complaint made no mention of the one-garage restriction. Assuming that the setback restriction was the only issue being litigated, York responded to a question that the new construction was a “garage.” As a result of this spontaneous response, the District Court and this Court concluded that the Yorks, impliedly consented to litigate the one-garage restriction. The District Court then permitted Monk and Armbrust to amend their complaint pursuant to Rule 15(b), M.R.Civ.P., after judgment was entered by the District Court.
¶24 Armbrust and Monk admit they knew a building was being constructed at the time they filed their complaint, but since they did not know what the building was going to be used for, they only alleged a violation of the setback restriction in their complaint. The parties were clearly not prepared to litigate the one-garage restriction at trial and consequently we are presented with an incomplete and somewhat sketchy record on the issue. For example, we don’t know if the Yorks intended to convert the attached garage to another use after the new structure was built. Also, Dan York suggested that the new improvement may be used as a wood shop and not as a garage in the traditional sense. None of this relevant and important information was developed at the District Court. This is not surprising since the one-garage restriction was not an issue that either party intended to litigate at the time of trial. In fact, the District Court made no findings on the question of whether the Yorks’ structure constituted a “garage” for purposes of the covenant that purports to restrict only one garage per lot in the Home Acres Orchards Subdivision.
*267 ¶25 Simply because the Yorks or their attorney may have used the term “garage” when responding to a question concerning the building does not establish conclusively that the structure constitutes a second garage as defined and contemplated by the restrictive covenants. I would remand this matter back to the District Court for a new trial on this issue. I believe the Yorks should have an opportunity to present evidence as to whether or not the building constitutes a second garage as envisioned by the covenants.
JUSTICES COTTER and RICE join in the foregoing dissent.